## PICKARD et v COFFMAN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2226. Decided Dec 31, 1932

John H. Summers, Columbus, and W. T. Joseph, Columbus, for plaintiffs.

Guy V. Fridley, Columbus, for defendant, Wilhelm Neilson.

Harry P. Nester, Columbus, for defendant, Guy E. Coffman.

HORNBECK, J.

We have carefully read this record and without extended comment on the testimony are constrained to say that plaintiffs have not met the demand of proof of the material averments of their petition. There are, of course, facts and circumstances tending to show that the lot in question was purchased for the partnership. But they are not convincing. Mr. Taylor's testimony though no doubt given honestly, is indefinite in the main. That the lot was purchased with partnership funds is very difficult to find because upon the only tangi-

ble evidence it does not appear that the partnership at any time was in financial condition to have purchased and paid for this lot out of any funds to its credit unless advanced by Mr. Neilson. The partnership assets having been kept in the individual accounts of Mr. Taylor and Mr. Neilson and it clearly appearing that Mr. Neilson did have contracts separate and apart from this partnership, it becomes difficult to tell the exact status of the purely partnership funds. It was largely a matter of choice by Mr. Neilson whether this property should be purchased for himself or for the partnership. Nor does it appear by the weight of the evidence that at the time the lot was purchased and the obligation assumed that Mr. Neilson or the partnership was insolvent.

Upon the statement of Mr. Neilson, Mrs. Neilson was a creditor and, of course, upon that situation, if true, there would have been nothing to preclude his purchase of this real estate and its transfer to his wife at the time it was bought. But if he bought it with individual funds, if a gift it could only be set aside if it appeared that Mr. Neilson was insolvent when the transfer was made.

It reasonably appears that this was a limited partnership that Mr. Neilson was obligated to advance the necessary money to carry on such projects as were undertaken by Taylor and Neilson. The heavy losses to the partnership occurred in the Belmont County job sometime after the purchase of the lot in question. Prior to that time although clearly the partnership was losing money the proof is not sufficient to disclose that Mr. Neilson would not have been able under his agreement, as he in fact did, to advance sufficient money to conform to his part of the partnership agreement. The contract of purchase (Def. Ex. 3) dated August 7, 1925, discloses an agreement to buy the lot for Mrs. Neilson and to secure the payment therefor by a mortgage on her real estate. Neilson testifies this mortgage was given and it is not denied. This written evidence corroborates Neilson in his claim that there never was a purpose to buy the lot for the partnership and that it was paid for by individual funds.

The financial statements of Neilson, whether made for the firm or individually, carry both the home place, which was at all times in the name of Mrs. Neilson, and the Sandusky Street lot. With the exception of the one financial statement to the Globe Indemnity Co., (Plaintiff's Ex. A), the information was definite that all the real estate was in Mrs. Neilson's name. The statement to the Globe, though technically not untrue, was misleading and left the impression that all the real estate was in Mr. Neilson's name.

There is failure of proof of connivance among Neilson, his wife and Mr. Coffman.

Being of opinion that plaintiffs have failed in their case in the particulars heretofore suggested it is not necessary to consider further the status of Mr. Coffman in taking the deed from Mrs. Neilson.

Finding and judgment for defendants.

ALLREAD, PJ, and KUNKLE, J, concur.